[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSES (No. 117)
As To First and Second Special Defenses: Granted.
Ethical conduct on the part of Attorneys is governed by The Rules of Professional Conduct which establish standards to be maintained in order to remain licensed to practice law and to provide a basis for disciplinary action in the event of violation. They are not standards established to provide a cause of action by private individuals for alleged violations. See C.P.B. Rules of Professional Conduct, "Scope ", p. 4, 5. Noble v. Marshall, 23 Conn. App. 227, CT Page 4725 230.
As To Third Special Defense: Granted.
The defendant claims the plaintiff should be estopped from claiming damages as the plaintiff consented to the act giving rise to the claim. Set forth in the plaintiffs complaint. This is not the plaintiff's claim as alleged in his complaint and 164 C.P.B. indicates a denial is the appropriate response where an allegation of fact is disputed.
As To Sixth Special Defense Granted.
The Special Defense as pled attempts to invoke the doctrine of "clean hands" and characterizes, by incorporation of allegations of negligence and violations of ethical standards set out elsewhere, the plaintiffs conduct as unethical and negligent. This falls short of the required allegations of wilful misconduct. Lyman v. Lyman, 90 Conn. 399, 406.
As To Eighth Special Defense: Granted.
The plaintiff has alleged in the First Count a right to recovery on an express agreement and in the Second Count a right to recovery based on quantum meruit. Defendant sets out a Special defense that quantum meruit does not lie as an alternative pleading. See cases cited in the plaintiffs memorandum allowing claims in the alternative.
GEORGE W. RIPLEY, JUDGE